JOHN ANDERSON, Appellant, v. A. C. SABIN AND E. B. WOODRUFF, Executors.

**Executors:** COMPENSATION: SALARY. Where the application of executors expressly asks the court to fix their annual salary for services, in addition to the statutory compensation, the allowance so made will not be held to include their percentage; and unless otherwise ordered it will be held to apply to past as well as future services, as it is not necessary that such salary be fixed in advance.

**Same:** The compensation received by executors in excess of that fixed by statute will be presumed to be for extraordinary services unless the contrary is shown.

*Appeal from Mills District Court.*— HON. O. D. WHEELER, Judge.

FRIDAY, DECEMBER 14, 1906.

TRIAL of objections to the defendants' reports as executors of the will of Wm. H. Anderson. The plaintiff appeals. — *Affirmed.*

*W. S. Lewis,* for appellant.

*Shirley Gillilland* and *L. T. Genung,* for appellees.

SHERWIN, J.— Wm. H. Anderson died testate in May, 1891. At the time his will was made, and at the time of his death, he was a widower with eight children, all living

at home with him except one married daughter. The young-
est children were a girl six years of age and a boy nine years
old. By the terms of his will, the care of his children, his
home, and his property, was given to his executors, who were
to manage the same until the youngest child became of age.
The will named the defendants herein, and Wm. A. Fisher
as executors thereof, and directed that no bond be required of
them. They were formally appointed executors by the dis-
trict court of Mills county on the 10th day of June, 1891,
and immediately took charge of the family and estate of the
deceased, and remained in charge thereof for twelve years.
At the time they took possession thereof the estate inven-
toried a little less than $150,000; but, when ready for final
distribution, it had been increased to over $183,000. It
consisted of a majority of the capital stock of the Mills
County National Bank; stock in the Botna Valley State
Bank and in the Glenwood Canning Company; notes, mort-
gages, and other evidences of indebtedness, cash, and real
estate. There is no question as to the fidelity and skill
which characterize the management of the estate; the objec-
tions, with a single exception, are to the compensation al-
lowed the executors for their twelve years' work, and these
objections we shall now briefly consider.

In October, 1891, the executors filed what is denomi-
nated an application for orders, in which they set forth to
some extent the condition of the family and the estate, and,
among other requests, asked the court to make an order fix-
ing the amount of annual compensation of each executor
for extra work in addition to the ordinary compensation
provided by law, at $800 and actual expenses; an order was
thereupon made, allowing such compensation for the present
and until further ordered. The first report was filed in
December, 1891, and therein the executors claimed salary
at the rate of $800 per year from the time of their appoint-
ment in June, and a percentage on the amount distributed
up to that time. No objection was made thereto, and the

allowances were granted by the court. The appellant contends that the annual salary fixed by the court was intended to cover all compensation including the statutory percentage, and further, that the executors were not entitled to salary from the time of their appointment.

In our judgment there is no merit in either of these objections. The application on which the salary was fixed expressly asked that it be in addition to the statutory com-

1. Executors: compensations: salary. pensation, and there is nothing in the order of allowance indicating that it was intended otherwise. Nor is there any reason for saying that the allowance was intended for the future alone. Ordinarily, the marshaling of an estate, and its appraisement and inventory require as much time and careful attention as the subsequent work in connection therewith. Furthermore, the care of the children and of the household imposed on the executors unusual duties and annoyances which began at once. Orders were subsequently made fixing the compensation of the executors; but, with one exception, there is nothing in the record indicating that the compensation so fixed was intended to include that fixed by the statute. During the year covered by the exception no other compensation was in fact claimed or received. One of the objections is that the executors were allowed extra compensation for two or three years for which the order was not made in advance. There is nothing in the objection. The entire matter was before the court, and it was not necessary that the salary be fixed in advance. When the last report was filed, the executors asked and were allowed the sum of $1,832 as statutory compensation on $183,284.30 disbursed by them. What has already been said relative to the salary allowed for the several years applies as well to this item.

It will be presumed that compensation beyond that fixed by statute was for extraordinary services in the absence of a showing to the contrary. *Patterson v. Bell,* 25 Iowa, 149. But it is said that one of the executors, E. B. Woodruff,

was allowed an attorney's fee for services rendered the ex-
ecutors in estate matters, and that the said
allowance was agreed to on condition that no
further demand for substantial compensation · be made by
either executor. It is clearly shown that the amount al-
lowed to Woodruff was in accordance with a stipulation en-
tered into by the parties interested in the estate, but the
evidence fails to show that it was made on the condition con-
tended for. Under the showing made, we think, the exec-
utors were properly allowed the salaries as extra compensa-
tion, aside from the one year when the salary was declared
to include the statutory fees, and that they were entitled to
the statutory percentage in addition thereto. Complaint is
also made of an error in the computation of interest on a
note turned over to the plaintiff herein. He has sustained
no prejudice on account thereof, even if there was an error,
and the order of the trial court fully protects the estate.

*2. SAME.* (margin heading)

In view of all the facts appearing in the record, which
we have not attempted to give in detail, we think the judg-
ment of the trial court right, and it is therefore *affirmed.*