### BRIDGMAN & CO. v. MILLER ET AL.

1. **Judgment:** REVIVOR AGAINST HEIRS. The property left by a decedent cannot be subjected to the claim of a judgment creditor by an action to revive a judgment against the heirs of the decedent.

*Appeal from Appanoose District Court.*

TUESDAY APRIL 8.

THIS is a proceeding to revive and enforce a judgment against property in the hands of the heirs of one deceased, which, it is alleged, was owned by their ancestor in his lifetime. A demurrer to the petition was sustained, and plaintiffs appeal. The facts of the case appear in the opinion.

*H. Tannehill,* for appellants.

*Geo. D. Porter, Vermillion, Haynes & Vermillion,* for appellees.

BECK, CH. J.—I.   The petition alleges that in 1859 plaintiffs recovered a judgment against John Miller and Samuel Clark, who were copartners; that at no time since the rendition of the judgment has there been any partnership property against which the judgment could be enforced; that Miller died intestate in 1865 or 1866, and no administration upon his estate has ever been granted, and the time for the appointment of an administrator has long since expired; that certain heirs of Miller survive him, who are made parties to this action; that prior to the death of Miller one of his sons died leaving an estate of which one of the defendants was appointed administrator; that all debts against the estate have been paid, and eight hundred and forty-six dollars and interest are now in the hands of the administrator to be distributed or disposed of as provided by law, and that this money ought not to be distributed to the heirs of John Miller until the debts contracted by him in his life-time are paid.   The plaintiffs aver that they did not cause administration to be taken upon the estate of Miller for the reason that they understood it to be insolvent, and they did not know the estate was entitled to any property left by the son of the deceased.

The relief asked is that the judgment of plaintiffs be revived against the heirs of John Miller, and that the money in the hands of the administrator of the son be subjected to the judgment.   It is not asked that the judgment run against the heirs personally.

To the petition defendants demurred on the ground, among others, that plaintiffs cannot subject the money sought after to the judgment by this proceeding, and in the manner proposed.   The demurrer was sustained.

II.   It will be observed that no letters of administration have been issued upon the estate of John Miller; that there were assets of the estate at the decease of the intestate, for the money in question is property, or the proceeds of property, which Miller inherited from his son, who died before the death of Miller.

The question presented in the case before us is this:   May the property left by one deceased be subjected to the claims

1. JUDGMENT: revivor against heirs.

of the creditors by proceedings of this character, without the appointment of an administrator and the proceedings prescribed by law for the settlement of estates and the payment of debts of decedents?

We know of no rule of law which will permit a creditor to. pursue any other course than that prescribed by the statute for the enforcement of his claim against the property of his. deceased debtor.   Surely it cannot be claimed that a proceeding of the character of the one before us may be instituted against the heirs, while administration may be had upon the estate.   It cannot be that, after the right to administer upon the estate is cut off, this proceeding would then become lawful.   If creditors are compelled to pursue the course pointed out by the statute in order to collect their debts, it is very plain that when such a remedy is barred by time the right is cut off by the statute.

But it is said, and so averred in the petition, that the plaintiffs did not take out letters of administration for the reason they did not know the decedent left an estate.   The law nowhere provides that, for reasons of this kind, a creditor may pursue a course other than the one pointed out by the statute.

If the want of knowledge of property belonging to the estate creates an equity or right in the creditor to enforce his claim after the time limited by the statute for taking out administration (Code, § 2367), it would appear that the equity and right ought to be enforced in the manner prescribed by law— that is, through administration upon the estate—and that if such an equity exists, which may be enforced, it would authorize administration after the limitation prescribed in Code, § 2367.   But this point we do not determine.   We simply hold that the procedings prescribed by the statute must be pursued by the creditor, and if he neglects to institute them until after they are barred by Code, § 2367, he cannot have a rem-

edy by an action against the heirs or others holding property that belonged to the decedent in his life-time.

We are of the opinion that the ruling of the District Court upon the demurrer is correct.

AFFIRMED.