DANIELS v. SMITH ET AL.

1. **Estates:** SETTLEMENT OF: RES ADJUDICATA: FRAUD AND MISTAKE. The settlement of an estate and discharge of the administrator is an adjudication, binding upon all the parties in interest, that the estate has been properly administered upon; and such adjudication can only be set aside for fraud or mistake, within the time prescribed by statute.

*Appeal from Benton District Court.*

FRIDAY, JUNE 9.

THE petition states one of the defendants is the widow and the others, heirs at law of W. C. Smith, deceased; that the defendant, H. R. Smith, was appointed administrator of the estate of W. C. Smith; that the plaintiff, after the death of W.. C. Smith, was compelled to and did pay certain money the deceased should have paid; that he filed his claim against the estate, which was allowed by the administrator, but no part of said claim has been paid; that shortly previous to his death, W. C. Smith sold and conveyed to his son, Lewellen Smith, and to his widow, a large amount of personal property for the purpose of hindering and delaying his creditors; that said H. R. Smith, while acting as administrator aforesaid, knew of said fraudulent sales, but took no steps to subject the property to the payment of claims against the estate, although the plaintiff repeatedly requested him to do so, and has closed up the business of the estate and been discharged. The relief asked is, that said sales be set aside and the property subjected to the payment of the plaintiff's claim; and if the property has been disposed of, that judgment be rendered against Levene Smith and Lewellen Smith, for the amount due

plaintiff. There was a demurrer to the petition on the ground "said petition shows upon its face that plaintiff has been guilty of laches until his remedy is lost." The demurrer was sustained, and the plaintiff appeals.

*Geo. C. Scrimgeour* and *W. A. Tewksbury*, for appellant.

*W. C. Connell*, for appellees.

SEEVERS, CH. J.—There is no doubt an action could have been brought by the administrator to set aside the fraudulent

1. ESTATES: settlement of: res adjudi- cata : fraud and mistake.

sales and subject the property to the payment of the debts, and it has been held a creditor may bring such an action previous *to the discharge ef the administrator, making the latter and fraudulent grantees parties. *Hagan v. Walker et al.*, 14 How., 29. The question before us is different. The estate had been settled and the administrator discharged. "This is an adjudication binding on the parties in interest." *Kows v. Mowery*, 57 Iowa, 20. Such adjudication can only be set aside for fraud or mistake within the time prescribed by statute. Code, § § 2474–2475. Neither fraud or mistake is alleged. At most, simple neglect to bring an action is charged against the administrator. The plaintiff had full knowledge of such neglect, and failed to avail himself of remedies which were plain and undoubted to protect himself. There are cogent reasons why claims against an estate should be enforced in the manner prescribed by statute. In *Bridgman & Co. v. Miller*, 50 Iowa, 392, it is said: "We know of no rule of law which will permit a creditor to pursue any other course than that prescribed by statute for the enforcement of his claim against the property of his deceased debtor." But it may possibly be said the property in question did not belong to the estate. If it did not it should not be charged with the payment of the indebtedness. The truth is the property did belong to the estate, and could have been reached prior to the discharge of the administrator, by a proper action, as readily

as other property to recover which an action was required. The plaintiff, through negligence, failed to invoke the aid of the courts to enforce his rights until after the estate was set-tled, and no excuse is offered for such negligence. We are unable to see any more reason why the plaintiff should be permitted to open this settlement, than if the administrator had failed to account for property which came into his hands. The settlement and discharge of the administrator is an adjudication, not only that he had accounted for all property which came into his hands, but also that the estate had been properly administered upon.

AFFIRMED.