AUGUST ERLER, Appellee, v. EDMUND ERLER and ANNA ERLER, Appellants.

**Deeds:** DELIVERY: TITLE: EVIDENCE. Where the title to real property purchased by the father is taken in the name of a son, and

no agreement to deliver the deed is shown, the question of whether the father, by depositing the instrument for record, intended thereby to pass the title, is one of intent. Under the showing in this case it is held that title did not pass.

*Appeal from Carroll District Court.*— HON. Z. A. CHURCH, Judge.

WEDNESDAY, SEPTEMBER 28, 1904.

ACTION in equity to compel conveyance to plaintiff of the legal title to certain real estate, consisting of a vacant lot in the city of Carroll. Plaintiff and the defendant, Edmund Erler, are father and son, respectively. Defendant Anna Erler is the wife of Edmund. In the year 1885, plaintiff arranged for the purchase of the lot in question, which adjoins his homestead, under contract for deed, and caused the name of his son, then a minor, to be inserted in the writing as grantee. Plaintiff at once took possession, made the payments required by the contract, and all taxes. Upon completion of the payments, he procured a deed to be executed, in which also the son was named as grantee. The deed was delivered to plaintiff, and he caused the same to be recorded, when it was returned to him. It is not pretended that the conveyance as so made was pursuant to any understanding or agreement entered into or had between the father and son, nor is it claimed that a manual delivery of the deed was ever made to the son by the father, or by his authority. That plaintiff has at all times continued in possession of the property, enjoying the rents and profits thereof, and that he has paid all taxes thereon, is conceded. There was a decree in the court below in favor of plaintiff, and defendants appeal.— *Affirmed.*

*M. W. Beach,* for appellants.

*Geo. W. Bowen,* for appellee.

BISHOP, J.— It is the contention of plaintiff that he is

and at all times has been, the real owner of the property, that he bought it for his own use and benefit, and that he caused title to be made in the name of his son solely because of his understanding at the time that by so doing he could defeat the seizure of the property under condemnation proceedings then threatened by a railway company, whose right of way adjoined. The defendants, on the other hand, rely upon the facts that the deed was procured by plaintiff to be executed in the name of the son, and by plaintiff caused to be recorded, as constituting a completed gift of the property. That delivery of the deed or instrument of conveyance is essential to the transfer of title to real estate is well-settled doctrine. The rule involves an elementary principle, and we need not cite the authorities. And, generally speaking, delivery must be made to the grantee, or some person authorized by him to receive it. Thus where, by agreement between the parties, a deed is deposited for record by the grantor, it has been held that the recorder is thereby made the agent of the grantee, and delivery to him operates to complete the transfer. *Cobb v. Chase,* 54 Iowa, 253; *Richardson v. Grays,* 85 Iowa, 152. Where, as in the instant case, a conveyance is made, or procured to be made, by a parent to his child, and no agreement is shown respecting delivery, it has been held that a completed transfer may be accomplished by the deposit of the instrument of conveyance for record by the parent. But in all such cases the question becomes one of intention. In *Davis v. Davis,* 92 Iowa, 153, which presented a state of facts very similar to those in the case before us, we said: " Did he intend to make a complete transfer of title of the property by filing the deed for record, or was his act for the accomplishment of some other purpose? We have always held in such cases that the question of grantor's intention was of controlling importance in determining whether his acts should be held to constitute a delivery so as to pass title." See, also, *O'Connor v. O'Connor,* 100 Iowa, 476; *Culp v. Price,* 107 Iowa, 136; *Hutton*

*v. Smith,* 88 Iowa, 240. No good reason presents itself to, our minds for holding, as contended for by appellant, that a different ·rule obtains where, instead of a direct conveyance, the title is procured to be conveyed from another. The prin- ·ciple having application to the one state of facts has equal .application to the other.

Without setting forth in detail the evidence upon which ·our conclusion is based, and following the rule thus an- nounced, we may dispose of the case by saying that there is .sufficient evidence competent for the purpose in the record to make it appear that plaintiff had no intention to vest title to the property in controversy absolutely in his son. His ·whole course of dealing with it makes it clear that he ex- ·pected to retain the beneficial ownership, and that, upon ·demand, he would become entitled to a conveyance of the legal title.

It follows that the decree of the trial court was right, and it is AFFIRMED.