JOHN SULLIVAN v. O. P. HERRICK, Appellant; MOON
BROTHERS, Interveners.

**Contracts:** CONSIDERATION: EVIDENCE: INSTRUCTIONS. While there
1   can be no recovery on *quantum meruit* in an action based upon
an express contract, yet where one of the parties to an oral
contract for services contended that he was to receive a certain
price for the work, and the other party contended for a different
price, evidence of the reasonable value of the work was admissible,
as bearing on the probable correctness of the one or the other. And
a failure of the court to limit the evidence to the issue on which
it was admissible was not a matter of complaint on appeal, where
no such instruction was requested; especially where the court did
tell the jury that the recovery must be for the amount contended
for by one or the other of the parties.

**Same:** EVIDENCE. On an issue as to whether plaintiff was to receive
2   a certain price for his services, or a less price as contended by
defendant, the question of whether a profit could be made at
either price was immaterial, and evidence to that effect was prop-
erly rejected.

**Same.** On an issue as to the contract price for services, neither evidence
3   of the contract price at which defendant sublet other work of a
similar character, nor evidence of mere offers or bids, is admissible.

**Same:** ACTION UPON EXPRESS CONTRACT: EVIDENCE: BURDEN OF PROOF.
4   In this action upon an express contract for moving dirt, in which
plaintiff claimed that the price was 18 cents per yard and defendant
claimed that the price was 11 cents per yard, a receipted statement
by plaintiff, in the nature of an account stated, for a sum equal to
11 cents per yard for the specified number of yards, was pre-
sumptively an admission of the price to be paid for the number of
yards stated, even though the price per yard was not in the
statement; and to obviate the effect of the statement the burden
was upon the plaintiff to show that he did not know the computation
was made on that basis, and that he did not intend to thus admit
that the agreed price was 11 cents per yard.

**New Trial:** SUBORNATION OF WITNESS. The mere attempt to suborn

a witness who testified upon the trial, with no showing of success, is not ground for granting a new trial.

**Same:** DILIGENCE: SUFFICIENCY OF PLEADING. The mere allegation, in a petition for new trial, that during the trial the party did not fully know of the attempts of the adverse party to suborn witnesses, without stating the extent of his knowledge, was not a sufficient allegation of diligence; especially where the character of the evidence was known as well at the trial as afterwards.

**Same:** PERJURED EVIDENCE. A new trial will not be awarded on petition because of perjured evidence resorted to and received on the trial.

*Appeal from Polk District Court.*—HON. W. H. MCHENRY, Judge.

THURSDAY, MARCH 20, 1913.

ACTION on an oral contract for constructing a levee resulted in a verdict and judgment for plaintiff, from which defendant appeals. Reversed. About six months after the entry of judgment, defendant petitioned for new trial. A motion to strike the grounds therefor alleged in the petition was sustained, and, as defendant elected to stand on the ruling, the petition was dismissed. From this ruling, also, the defendant appeals.—*Affirmed.*

*Clinton L. Nourse* and *Graeser & Meyer,* for appellant.

*Henry & Henry,* for appellee.

*Graham & Graham,* for interveners.

LADD, J.—The parties hereto entered into an oral agreement about August 10, 1910, by the terms of which plaintiff with his teams and certain implements undertook to haul dirt in the construction of a levee to a drainage ditch, and did haul 15,934 cubic yards. The controversy is concerning the price

to be paid; plaintiff insisting this was to be eighteen cents per cubic yard, and the defendant that it was to be but eleven cents. Moon Bros. intervened, claiming an assignment by plaintiff of a part of the balance due, and it was agreed that, of the amount found owing plaintiff, judgment should be entered in favor of the interveners for the portion assigned to them.

I. Several witnesses, after qualifying, were asked: "What was the reasonable value of the work done by the plaintiff per yard?" And, over objection, as being incom-

1. CONTRACTS: consideration: evidence: instructions.

petent, irrelevant, and immaterial, were permitted to answer. As the action was on an express contract, there could be no recovery on *quantum meruit*. *Hunt v. Tuttle*, 125 Iowa, 677. But, there being a conflict as to what the agreed price was, the evidence was admissible as bearing on the probability of the one or other being correct. *Johnson v. Harder*, 45 Iowa, 679.

Exception is taken to the omission of the court to tell the jury the purposes of such testimony. This might well have been done; but, as there was no request for such an instruction, error cannot be predicated on the omission.

Moreover, the jury was definitely told that, if the agreement was to pay eighteen cents per cubic yard, the verdict should be for a specified amount, and, if not, it should be in another amount stated, and verdicts in this form only were submitted for use by the jury. In this situation, it was impossible that the jury should have made use of the testimony for any other purpose, other than in the way of corroborating the testimony on one side or the other.

II. The county surveyor, after testifying that the work done by plaintiff was reasonably worth fifteen cents per cubic yard, was asked "if a party doing the work that Mr. Sullivan

2. SAME: evidence.

did could make money on it at eleven cents." An objection as immaterial and irrelevant was sustained, and properly so. Whether there might have been a profit at either price was immaterial.

III. The defendant was asked:

Did you sub any other work down there? A. Yes, sir.
Q. How did it compare with the work let to Sullivan?
(Objected to as immaterial as to any price he might have
sublet for. If it is simply to describe the char-
3. SAME.    acter of the work as comparing it I mean
physically with Sullivan's work, I do not object to that.)
Court: I think that is what he meant by the question. Describe
the character of the work. Mr. Graeser: With that question,
this: For what price did you let the other work? (Objected
to as immaterial and irrelevant.) Court: It might be that
these contracts were so low that the man who took them lost
money on them. They might be so high he suddenly became
a millionaire on account of the excessive profit he made. The
rule of evidence is that a fair and reasonable compensation
may be shown in evidence whenever it is material, but details
of a specific contract are never admissible when they may be
taken above or below the reasonable market value. Sustained.

The witness, on being recalled, was asked: "Mr. Herrick,
did you receive bids for this Sullivan work from any one?
A. Yes, sir. Q. Tell the jury from whom and what were the
amounts." An objection of immaterial, irrelevant, and
incompetent was sustained. Appellee suggests that, as to the
first inquiry, the objection was properly sustained, for that
the similarity between the work done by Sullivan and other
work should have been shown before any evidence of the
amount bid was adduced. The ruling was not based on this
ground, but rather because the conditions or terms of one
contract may not be shown by proof of those of others. Mere
offers or bids without being more general may not be shown
as evidence of value. *Morril v. Bentley,* 150 Iowa, 677.
Inquiries of either kind would involve collateral investiga-
tions and are not permissible where the evidence of value is
resorted to merely as bearing on the probability of one price
or the other having been agreed upon. Such evidence would
merely establish facts from which an inference might be
drawn merely to support a probability, and their bearing on
the issue would be too remote to justify its admission.

IV. A statement in words following was introduced in evidence:

Des Moines, Iowa.

M. J. Sullivan,

To O. P. Herrick, Debtor.

General Contractor.

10—9—11
109 W. Locust St.

10,595.36 yds. @ 11¢ .......................... 1165.48
Less 20% .................................. 233.09

932.39
Cash paid to date ........................ 939.24
Received payment Oct. 24, 1910.

John Sullivan.

The plaintiff admitted having signed this, but testified there were only $66 paid at that time, for which he gave another receipt, and that this statement had been changed considerably since signed. He was asked:

Tell the jury if the figures that now appear there, namely, '10,595.36 yds. @ 11¢' whether if the sign marked for the 'at' and the 11 cents with c and a line drawn through it, whether these figures were there at that time, and whether your attention was called to them, and answered: 'No, sir; it was not.' With reference thereto, the court instructed the jury that this paper was not a contract and was subject to any reasonable explanation shown by the testimony and that, in determining what effect to accord the same, you are instructed that if you believe the fact to be that the plaintiff in this action did not, at the time he receipted the said bill, know that it contained the statement '11¢ per yard,' you will give it no consideration as an admission against him. And even if you find that he did know that the said receipt contained said statement '11¢ per yard,' unless you find that by the act of signing the said receipt he intended to admit that the said contract between plaintiff and defendant was 11¢ a yard instead of 18¢ per yard, then you will not treat such receipt as an admission against this plaintiff. But if you find that in signing said receipt the plaintiff, with knowledge of the fact that it contained a statement '11¢ per yard,' signed

such a receipt; intending thereby to admit that his said contract with the defendant was at 11¢ per cubic yard, then and in that case you will be justified in treating such exhibit as an admission of the plaintiff and give it such weight and credit as in your judgment you may deem it entitled to as bearing on the question as to what the contract between the plaintiff and the defendant really was.

This was erroneous and prejudicial. Even if "@ 11c" was not in the statement, the computation at that rate remained, and it, in the absence of any showing that this was not noticed at the time, amounted to an admis-

**4. SAME: action upon express contract: evidence: burden of proof.** sion of what was to be paid for the number of yards stated. Moreover if this was in the statement when signed, it amounted to an admission that the compensation was to be at the rate of eleven cents per cubic yard, as no explanatory evidence other than that set out was adduced, and this, in the absence of any showing of what the signer may have intended. The statement was in the nature of an account stated, and, in the absence of any evidence to the contrary, warranted the inference that Herrick was to pay Sullivan eleven cents per cubic yard. See *Lockwood v. Thorne*, 11 N. Y. 170 (62 Am. Dec. 81); *Ware v. Manning*, 86 Ala. 238 (5 South. 682); *Union Bank v. Knapp*, 3 Pick. (Mass.) 96 (15 Am. Dec. 181); *Langdon v. Roane's Adm'r*, 6 Ala. 518 (41 Am. Dec. 60); *Millard v. Bennett*, 161 Iowa, —; 1 Cyc. 377. In casting the burden of affirmatively proving knowledge of the contents of the statement, and also an intention to admit such contents, the instruction was erroneous. In signing the receipt, the plaintiff is presumed to have had knowledge of what it contained and to have intended what these indicated, and as the statement was an important item of evidence in view of the controversy as to whether eleven cents or eighteen cents per cubic yard was to be paid for hauling, the error must be held to have been prejudicial.

V. About six months after judgment was entered, the defendant filed a petition for new trial, and, as grounds

therefore alleged that the testimony of plaintiff and one Murmane upon the trial was false and untrue, in that they testified that the contract price was eighteen cents per cubic yard, and that plaintiff knew this to be false; and further that defendant believed that Sullivan procured Murmane to falsely testify; that thereafter plaintiff was indicted for an attempt to suborn one Davidson to swear that he heard defendant offer plaintiff eighteen cents per cubic yard for said work and was afterwards convicted of such offense; and further that defendant believed that plaintiff attempted to suborn others to falsely testify that they heard the offer as testified by plaintiff, that defendant did not fully know of all of the said attempts made by the plaintiff to suborn witnesses to testify as aforesaid and especially did not know of the attempt to suborn the witness Ford, although this defendant made diligent effort to find all parties with whom said Sullivan had talked in regard to said contract. The plaintiff moved to strike from this petition all these allegations on the grounds, first, that the allegations did not warrant setting the judgment aside, and, second, did not show proper diligence with respect to procuring the additional testimony. The plaintiff also moved to strike out the other portions of the petition for that the allegations did not constitute proper grounds for granting a new trial. If plaintiff attempted to suborn witnesses other than Murmane, the petition does not allege that he succeeded, and there is no reason for thinking the attempt could have had any influence on the trial. For this reason this would not constitute a ground for setting aside the judgment.

5. NEW TRIAL: subornation of witness.

As to the witnesses other than Ford, there is no sufficient allegation of proper diligence. The defendant merely alleged that he did not fully know of all of the attempts made by the plaintiff during the trial. How fully he knew does not appear. If he was aware of anything done in this respect, he should have availed himself thereof as soon as ascertained, and, in any

6. SAME: diligence: sufficiency of pleading.

event in his motion for new trial, and, not having done so,·cannot take advantage thereof in a petition subsequently filed, and cannot, because of want of diligence, take advantage thereof in a petition for new trial.

Moreover, for all that appears, plaintiff knew as well at the close of the testimony that plaintiff and Murmane had testified falsely, as when this petition was filed, and it can-not be said that it is a matter subsequently discovered. This court is committed to the doctrine that a new trial cannot be awarded on petition because of perjured evidence having been resorted to in the trial. *Graves v. Graves,* 132 Iowa, 199; *Kwentsky v. Sirovy,* 142 Iowa, 385; *Wood v. Wood,* 136 Iowa, 128.

7. SAME: per-jured evidence.

The ruling on the motion to strike which may be treated as a demurrer should be upheld. Our conclusion is that the judgment on the merits must be, and is, *Reversed;* and that the order sustaining the motion to strike from the petition for a new trial should be, and is, *Affirmed.*