ANNA WIRT, Appellee, v. HAROLD M. OFELT, Executor, Appellant.

No. 46045.

NOVEMBER 17, 1942.

Holsteen & Holsteen and Hirsch, Riepe & Wright, all of Burlington, for appellant.

Clark, Pryor, Hale & Plock, of Burlington, O. M. Slaymaker, R. E. Killmar, and D. D. Slaymaker, all of Osceola, for appellee.

SAGER, J.—For convenience, the executor will be spoken of as sole appellant. Many features of the rather long record will not have attention here because they have no bearing on the issue before us. We set out the facts which justify and sustain the decision of the trial court.

On the 17th day of June 1930, appellee and appellant's testator entered into an antenuptial contract whereunder appellee was to have the life use of the home and of various items of household goods and other personal property. The contract **also provided:**

"* * * in the event that she [appellee] survives the said Henry Wirt, [she] shall receive from his executor, the sum of $5,000.00, said sum to be paid in payments of $1,000.00 each, beginning on the date said funds are available after the death of Henry Wirt, and $1,000.00 on each anniversary date of each year following, until the total sum of $5,000.00 had been paid * * *."

The parties were married on June 27, 1930. Wirt had previously executed a will which, after his death on January 30, 1931, was admitted to probate. Appellant qualified as executor, giving bond in the sum of $5,000 signed by corporate surety. The various formal requirements of the law were duly taken by the executor. An inventory filed fixed the value of the estate at $71,079.64, the mortgage indebtedness at $25,000, and other debts at $10,000. The will left the real estate to the children of Wirt, who were charged with the payment of the mortgages. On an ex parte application the appellant was authorized to

continue farming operations for the year 1931, and without further orders he continued to operate the farms for a number of years.

On June 30, 1931, within the first six months after appointment of appellant as executor, appellee filed her claim for $4,775 based on the antenuptial contract. The claim was filed in this sum because the executor had already, with the authority of the court, paid $25 thereon. (This figure $4,775 as it appears in the abstract would seem to be a mistake.) Under the provisions of the antenuptial contract appellee was charged with the payment of taxes and assessments on the home in which she was to have a life estate. The payments on the contract were not made and the taxes became delinquent. Through some bargaining she was paid $400 by Pearl Campbell, one of the daughters of Wirt, for a quitclaim deed for her interest in the property. No reports were made by the executor for a number of years and on June 1, 1938, he was required by the court to make an accounting. While all the other claims against the estate seem to have been paid, that of appellee was totally ignored.

In June 1940, appellant filed a report in the estate in which he stated that the children of testator had released their interest in the homestead, giving the impression, wholly unwarranted by the record, that this release had been made to appellee, and conveying the idea, likewise unwarranted, that appellee had accepted the homestead and certain personal property in full of her claims against the estate. In his final report, appellant asked that "his bond be exonerated, and that he be discharged as executor of said estate and said estate ordered closed, there being no further duties for him to perform, and *there being no unpaid claims filed against said estate.*" (Italics supplied.)

The italicized statement was wholly false and could have been made only through a misapprehension or with willful purpose to deceive the court. Commenting on this part of the final report, the trial court made this observation, which finds abundant justification in the record and gives to appellant the most to which he was entitled:

"The executor prepared and caused the Court to sign an order finding that all the claims against the estate had been

paid, and discharging the executor. This report was sought to be set aside on the ground of fraud or mistake. There is no question in my mind but what there was either fraud or mistake, I am inclined to be charitable and say it was a mistake, although there is plenty of reason for questioning why the executor never attempted to get a receipt from the widow for the settlement of that claim if he, in good faith, believed it to be paid. The claim has not been paid. The finding of the Court that it had been paid was erroneous."

Much is said in argument about the fact that appellee was represented throughout the proceedings by attorneys, the inference being that, since she was so represented, there can be no grounds of complaint against the manner in which the estate was handled. We are not disposed to accept this excuse for appellant's conduct. In his dealing with this estate and in making his reports to the court he owed a duty of frankness and of fair dealing—a disclosure of his stewardship which would enable the court to deal justly with all parties interested in the estate. Neither the claimed inattention of attorneys (which we do not find here) nor the misleading impression given by the executor of the homestead transaction can be permitted to foreclose a hearing on appellee's claim, admittedly according to the terms of the contract and undeniably (under this record) unpaid.

. When it came time to give notice of the final report, the notice was published one week, directed to "All Persons Interested" in a list of guardianships, trusteeships, and estates, among which was that of Wirt. This notice did not come to the attention of appellee nor her attorneys until more than three months after the order was made. When discovered this suit was promptly commenced.

There is no claim that appellee signed a receipt or release of her claim; and it seems to require no argument to persuade that no court sitting in judgment on an application for a final discharge of an executor would have released this executor and his bondsmen if it had been aware of the true situation. The decree of the trial court ordered that discharge of appellant and release of his bondsmen be set aside and the bonds be reinstated. The order further provided that the estate of Wirt

"is now open and Harold M. Ofelt is the executor thereof, and that plaintiff in this case may proceed as provided by law to have her claim against the said estate allowed, and that she may proceed to secure the payment thereof in the manner and form required by law." This order can only have the effect of permitting an investigation of the right of the matter and the entry of such further orders as justice under the circumstances disclosed may demand. To this there can be no reasonable objection.

Many authorities are cited by appellant as demanding a reversal but we have found in none of them any warrant for approving the actions of executor as they appear in this case. We do not extend this opinion by analyzing them, but they are submitted for the inspection of such members of the bar as might be interested therein. Aschan v. McDermott, 164 Iowa 750, 145 N. W. 524; In re Estate of Holman, 216 Iowa 1186, 250 N. W. 498, 93 A. L. R. 1363; Murphy v. Hahn, 208 Iowa 698, 223 N. W. 756; Joor v. Joor, 227 Iowa 870, 289 N. W. 463; Bradbury v. Wells, 138 Iowa 673, 115 N. W. 880, 16 L. R. A., N. S., 240; Graves v. Graves, 132 Iowa 199, 109 N. W. 707, 10 L. R. A., N. S., 216, 10 Ann. Cas. 1104; In re Estate of Nicholson, 230 Iowa 1191, 300 N. W. 332; Kwentsky v. Sirovy, 142 Iowa 385, 121 N. W. 27; Hewitt v. Blaise, 202 Iowa 1114, 211 N. W. 481; Becker v. Becker Bros., 202 Iowa 7, 209 N. W. 447; Harding v. Troy, 217 Iowa 775, 252 N. W. 521; In re Estate of Kinnan, 218 Iowa 572, 255 N. W. 632; Ley v. Metropolitan L. Ins. Co., 120 Iowa 203, 94 N. W. 568; United States v. Throckmorton, 98 U. S. 61, 25 L. Ed. 93; Pico v. Cohn, 91 Cal. 129, 25 P. 970, 13 L. R. A. 336, 25 Am. St. Rep. 159; Davis v. Seavey, 95 Wash. 57, 163 P. 35, Ann. Cas. 1918D, 314.

The motion to dismiss or affirm filed by appellee has been considered and is overruled.

Finding, as we do, that the ruling of the trial court is in accord with justice and right as it appears from this record, its decree is accordingly affirmed.—Affirmed.

WENNERSTRUM, C. J., and GARFIELD, MITCHELL, BLISS, MILLER, OLIVER, and STIGER, JJ., concur.

HALE, J., takes no part.