PATTERSON, Administrator, v. BELL, Administrator,

| | |
|---|---|
| 25 | 149 |
| 105 | 572 |
| 25 | 149 |
| 132 | 509 |
| 25 | 149 |
| 138 | 676 |

1. Administrator: CONCLUSIVENESS OF SETTLEMENTS. In the absence of fraud, mistake, or other ground of equitable relief, a settlement by a county judge with an administrator cannot be set aside, though made in the absence of those interested, after the expiration of three months. Rev. §§ 2447, 2456-57.

2. —— COMPENSATION. Under section 2454 of the Revision, the County Court may, for extraordinary services, allow an administrator a compensation additional to that therein provided for ordinary services. And where it appears that more than the ordinary compensation was allowed, it will be presumed that it was for extraordinary services, in the absence of any showing to the contrary.

3. —— EXCESSIVE DISTRIBUTION. That a part of the heirs received more than their share under a distribution of assets by the administrator, is no cause of action against the latter, if the condition of the estate is such that the portions may be equalized in future distributions.

*Appeal from Jones District Court.*

TUESDAY, JUNE 23.

THE plaintiff is the administrator of the estate of James R. Patterson, deceased, and defendant the administrator of Thompson Bell, deceased.

Thompson Bell, in his life-time, was administrator of plaintiff's intestate, but died before the estate was finally

settled, and plaintiff was appointed administrator *de bonis non.*

This suit is brought to recover a large sum, which, it is alleged, defendant's intestate did not account for as administrator aforesaid, and for loss sustained by the estate on account of his negligence in not collecting a large number of promissory notes and accounts. The cause was submitted to a referee, and, upon his report, judgment was rendered against defendant for $118.31.

Plaintiff appeals.

*I. M. Preston & Son* for the appellant.

*Wilson & Doud* for the appellee.

BECK, J.— It appears that defendant's intestate had made two reports to the county judge of moneys ex-

1. ADMINIS TRATOR: conclusiveness of settlements.
pended by him on account of the estate of which he was administrator, amounting to more than $7,000. These accounts were acted upon by the county judge, and the disbursements approved and the administrator was credited with the amount thereof. Plaintiff seeks to go behind these settlements, and open up the account of the administrator with the estate, and subject the same to an examination in this proceeding, on the ground that the money was improperly expended by him in payments to the widow and children of the deceased for family expenses, etc., etc., and for other purposes which it is unnecessary to specify. It is not claimed or shown that there was any fraud or mistake on the part of the administrator or county judge, or collusion between them, or either of them and others. Neither is it pretended that the administrator appropriated the funds of the estate to his own use. The most that can be made out against him is, that he seems to have confounded his duty as adminis-

trator with that of guardian, and in other respects, as in the management of the farm of the deceased, and in other business, seemed to transcend his powers as administrator. The county judge appears to have fallen into the same errors in regard to the powers and duties of an administrator. The expenditures complained of were made directly for the benefit of the widow and heirs, or in the management of the farm and business of the estate. Without laying down any rule as to the conclusiveness of the accounting and settlement of the county judge with an administrator, we are clearly of the opinion that there has been shown no proper cause for setting them aside in this case.

In the absence of mistake, fraud or other grounds of equitable relief, these settlements cannot be set aside, when made, even in the absence of those interested, after the expiration of three months. Rev. §§ 2447, 2456, 2457. The wisdom of these provisions is illustrated by this case, where the estate of one who discharged the duties of an administrator honestly, but in ignorance of his duty, is called on, years after the transactions, to establish anew credits allowed by the county judge, the evidence of which, on account of the lapse of time, may no longer exist.

It is claimed that the executor was allowed by the county judge for his compensation, a percentage in excess of that provided by section 2454 of the Revision. Without disposing of this claim on the reasons above given (which doubtless are applicable thereto), it may be defeated on the ground that it is proper, under this section, for the county judge to allow additional compensation for extraordinary services. Presuming in favor of the correctness of the action of the county judge, which we are bound to do, it may be very properly held that the compensation was rightly allowed for extraordinary services.

2. —— compensation.

The claim, on account of negligence in not collecting the notes and accounts of the estate, was found by the referee to be unsupported by the evidence. We think this finding correct and it should not be disturbed.

It is claimed that a part of the heirs received more than their proper share of the estate distributed by the excess- administrator. If this be true it can be very readily remedied in future distributions. It certainly is no cause of action against defendant by the administrator *de bonis non*.

It is not necessary to determine the question raised by defendant as to the right of the plaintiff to bring this suit, as it will be seen that, for the reasons above given, the judgment of the District Court must be

Affirmed.