J. B. PUCKETT, Appellee, v. J. A. GUENTHER, Appellant.

**Correction of court records.** The court has express power under
1 Code section 243, to correct a correction of the record already
made, as to the date of the judgment entry, where the first correc-
tion was erroneous; the first correction not amounting to an ad-
judication of the date of the judgment.

**Judgments: RECORD OF ON SUNDAY.** The spreading of a judgment
2 upon the record by the clerk is a ministerial and not a judicial
act, and is not void because performed on Sunday.

*Appeal from Black Hawk District Court.*—HON. FRANK-
LIN C. PLATT, Judge.

THURSDAY, MARCH 18, 1909.

THIS is an appeal by defendant from an order of
the trial court correcting the record in the main case.—
*Affirmed.*

*Courtright & Arbuckle, Reed & Tuthill,* and *Mil-
christ & Scott,* for appellant.

*Mears & Lovejoy,* for appellee.

EVANS, C. J.—On April 5, 1905, plaintiff obtained a
verdict against the defendant. On May 26, 1905, the
trial judge entered on his calendar an order for judgment
for the amount of the verdict. On July 10, 1905, the
defendant perfected his appeal to this court on the as-
sumption that judgment was entered on May 26, 1905.
Upon that purported appeal to this court, the plaintiff
as appellee contended that the service of notice was pre-
mature, in that no judgment had been entered of record

until after July 10, 1905. He filed a motion in the lower court asking that it be ascertained when the judgment in his favor was actually spread upon the records. Notice was given to the defendant, and testimony was heard upon the question. Upon such hearing no witness was able to fix the exact date upon which the record was actually made, but all agreed that it was not made prior to October 1, and that it was made about that time. The court thereupon corrected the record so that it should show October 1 as the date of its making. From this order an appeal was taken to this court, and the order was affirmed, and the appeal in the main case was dismissed. See *Puckett v. Gunther*, 137 Iowa, 647. After the affirmance of the order by this court the defendant filed a motion in the trial court calling attention to the fact that October 1, 1905, was Sunday, and that the entry of the judgment upon the records was for that reason void. The relief asked by the defendant was that valid judgment now be entered upon the record *nunc pro tunc*, in order that defendant might perfect a valid appeal therefrom and pursue the litigation to a determination. This motion was resisted by the plaintiff. Plaintiff also filed a counterclaim asking for further correction of the record so that it would show that the judgment was not in fact entered of record on Sunday, but upon a secular day. The two motions were heard together. Upon such hearing the trial court again corrected the record so as to show that it was entered on October 2. It made a written finding to the effect that the first correction fixing the date as on Sunday was a mere inadvertence, that the fact that October 1, 1905, occurred on Sunday was overlooked by the court, that there was no evidence on the former hearing at all tending to show that the record was made on Sunday, nor was such Sunday question considered at all. As a result of its finding, it denied the motion of the defendant. From this order of the court making the second

correction the defendant has appealed, and the correctness of such order is now submitted to our consideration.

The contention of the appellant is twofold. His first proposition is that the first finding of the court, fixing October 1 as the date of the record, was an adjudication, and that the question can not be again litigated. He so pleaded in the court below. His second proposition is that the entry of the judgment upon the record was of logical necessity a judicial act, in that there could be no judgment until the same was so entered upon the records, and that, being such, it was void and of no effect "because forbidden by our Sunday statutes." Turning our attention to the first proposition, it should be noted that both proceedings to correct the record were had before the judge had signed the record. Under the provisions of section 243 of the Code, power is conferred upon the trial court to amend the record at any time before it is signed by the judge. The very requirement of the statute that the record be signed by the judge presupposes his right and duty to make such corrections as shall conform to the very truth. If a judge should make a correction in the first instance, and afterwards discover that there was an error in the correction itself, we see no reason on principle why he has not the same power to amend the correction as he had to make it in the first instance; and this is especially true where the amendment is made to correct an evident mistake. Such a correction may be made even after the record is signed by the judge. Code, section 244; *Shelley v. Smith,* 50 Iowa, 553; *Fuller v. Stebbins,* 49 Iowa, 376.

The proceedings adopted for such correction are not strictly adversary in their character. They are intended as a mere aid to the memory of the trial judge to make the record conform to the truth, and they are not necessarily controlled by the doctrine of prior adjudication. The

*(margin note: 1. CORRECTION OF COURT RECORDS.)*

*res adjudicata* is in the main case, and the purpose of a correction of the record is, not to modify such adjudication, nor to add to nor take from either party any right determined therein, but to declare the very truth as to what such adjudication was. We need not enter into a discussion of what inherent power there is in the court for such purpose. All that we hold now is that, by the express permission of section 243 of the Code, the trial court was warranted in making the second correction complained of.

Our conclusion on this point makes it unnecessary for us to enter into a discussion of the other. We have, however, given the question consideration. We are of opinion that, if the clerk had entered the judgment on the records on Sunday, such fact would not render the judgment void.

2. JUDGMENTS: record of on Sunday.

While it is true that it has been held by this court that there is no judgment in legal contemplation for the purpose of an appeal until it is spread upon the records of the court, it does not necessarily follow that the spreading of such judgment upon the records by the clerk is a judicial act. On the contrary, it has heretofore been held by this court that it is a ministerial act. We know of no authority to the contrary. *Coffey v. Gamble,* 117 Iowa, 545; *Stutsman v. Sharpless,* 125 Iowa, 335; *Burke v. Burke,* 119 N. W. 129. It has also been held that a ministerial act is not rendered void because performed on Sunday. *Nixon v. City of Burlington,* 141 Iowa, 316; *State v. Ryan,* 113 Iowa, 536.

It is urged by appellant that the cases cited by appellee from other States are not applicable here. It is said that the doctrine that there can be no judgment until it is entered of record does not obtain in such States, and that in such States it can be logically held that the act of the clerk is ministerial only. On the other hand, it is said that the Iowa doctrine leads us in the other

direction, and that, if there be no judgment until it be entered on the record, it logically follows that the entering of the judgment by the clerk is a part of the judicial act. It is argued conversely that, if the entry of judgment on the record is to be deemed only a ministerial act, then it must be because the judicial act is complete before such entry is made, and that the judgment already exists in some form. The writer hereof is ready to concede logical force to this argument, but its effect is rather to show that the Iowa doctrine referred to is unsound in so far as it holds that the spreading upon the records by the clerk is essential to the existence of the judgment as such. It is the personal opinion of the writer hereof that this doctrine is not quite sound in this respect, and that it would have been a more logical position to hold that, as between the parties thereto, a judgment exists in some form whenever the judicial act is complete, and that all clerical entries thereof, thereafter made by the clerk upon the records, should always be deemed *nunc pro tunc;* but the doctrine as it is was laid down more than twenty-five years ago. *Case v. Plato,* 54 Iowa, 64; *Balm v. Nunn,* 63 Iowa, 642. The rule as so laid down operates uniformly upon all parties. The diligent can always adapt themselves to it. Certain it is that we ought not lightly to change a rule of such long standing, even though we should prefer another and think it better. An appeal for such a change, if desired, should be directed to the legislative department. The change could be accomplished there without injury to any litigant.

If we should concede therefore that the proposition now adhered to by us is not in strict line, logically speaking, with the Iowa doctrine above referred to, the fact remains that the proposition itself is unassailable and is supported by the soundest reason and authority. If we must establish a correction line in order to maintain ground so safe and well approved, it were better to do so

than to be driven by mere force of logic from the unsound to the absurd. Regardless, therefore, of the soundness or unsoundness of our old time doctrine that the spreading upon the record is essential to the judgment as such, we hold to the elementary proposition that the act of the clerk in making such entry is ministerial only.

The conclusions and order of the trial court are in accord with our views as herein expressed, and the order appealed from must be *affirmed*.