G. L. ASCHAN, Appellee, v. J. E. McDERMOTT and O. A. BEVER, Appellees; JOHANNA ASCHAN, GUARDIAN OF IDA MATILDA ASCHAN, ESTHER CORIN ASCHAN, CARL WILLIAM ASCHAN, VADA WILHELMINA ASCHAN and JOHN EDWIN ASCHAN; and IDA MATILDA ASCHAN, ESTHER CORINNE ASCHAN, CARL WILLIAM ASCHAN, VADA WILHELMINA ASCHAN and JOHN EDWIN ASCHAN, Appellants.

**Judgments:** WHEN CONCLUSIVE. Where the court has jurisdiction of
1   the subject matter and of the parties at the time of entering an order, the order is final and binding upon all the parties; and any attempt of the judge in vacation to set the order aside would be of no effect.

**Guardianship:** DISTRIBUTION OF FUNDS: NOTICE TO MINORS: GUARDIAN
2   AD LITEM. In the distribution of funds derived from the sale of a decedent's real property and in the hands of a guardian, the duly appointed guardian of minors represents them, and it is not neces- sary that notice of the application of distribution shall be served on the minors, or that a guardian ad litem be appointed, unless the action of the regular guardian is in its nature adverse to them.

**Estates of decedents:** ORDER OF DISTRIBUTION: FRAUD: EVIDENCE. A
3   judgment may be set aside on the ground of fraud, but in such cases the fraud and deceit practiced must have prevented the un- successful party from having a fair trial. Thus where one claiming to be an heir of decedent, though in fact there was no relationship, made application for distribution to him of a share in decedent's estate and the widow, who was guardian of the other children, had

full knowledge of applicant's relation to the estate and of the grounds on which he claimed an interest therein, and was in no manner circumvented or prevented from urging applicant's want of relationship to defeat his right, no such showing of fraud was made as would authorize a vacation of the order of distribution.

Same: JUDGMENTS: WHEN CONCLUSIVE. While in a technical sense an order for distribution of the funds of an estate is not a judgment, it is a final adjudication of the rights of parties, and is conclusive unless appealed from or set aside in some direct proceeding.

*Appeal from Dallas District Court.*—Hon. Lorin N. Hays, Judge.

Thursday, February 19, 1914.

This action, as here presented, is on defendants' cross-petition, in which they seek to recover, from the plaintiff, certain moneys belonging to the estate of Carl Aschan, claimed to have been wrongfully obtained by the plaintiff from the defendants under an order of court, procured through the fraud of the plaintiff in representing himself to be one of the heirs of the estate. Decree dismissing defendants' cross-petition. Defendants appeal.—*Affirmed.*

*F. G. Ryan,* for appellants.

*C. J. Eller* and *White & Clark,* for appellee, G. L. Aschan.

Gaynor, J.—On the 18th day of July, 1911, the plaintiff, G. L. Aschan, filed his petition in the district court of Dallas county, in which he claimed that he was entitled to a one-sixth interest in certain land belonging to the estate of Carl Aschan, then deceased, and asking that his interest therein be established, and that such interest be quieted in him. His petition was in three counts. In the first count he claimed that he is a child of said Carl Aschan. . In the second count he alleged that

he was an adopted son of Carl Aschan. In the third count he alleged that in 1866 the said Carl Aschan orally agreed with plaintiff's father that, if he would surrender and give to him the said child, he would adopt him as his own, and that he should inherit as his own child; that he was surrendered by his father to Carl Aschan under said agreement; that said Carl Aschan took possession of him; and that he lived and labored with the said Carl Aschan as a member of his family until after he became of age. Other facts are alleged in the petition tending more or less to sustain and exemplify these claims.

The defendants are the children and heirs at law of Carl Aschan, except the defendant Johanna Aschan, who is their mother and guardian. They each deny plaintiff's claims.

Upon the issue thus tendered, the court found for the defendants, and the plaintiff has not appealed. The defendants, however, filed a counterclaim or cross-petition against the plaintiff, in which they ask judgment against him for $862.05, and as a ground for such claim allege that there had been a former sale of certain land belonging to the estate of Carl Aschan, and that plaintiff wrongfully obtained an order for a distribution of the money received from the sale on the ground that he was a son of Carl Aschan, and that under said order the money was wrongfully paid to the plaintiff, and that the heirs of Carl Aschan, defendants herein, are now entitled to receive it back.

It appears from the record that the plaintiff is a Swede; that Carl Aschan was also a Swede; that they both resided in Sweden; that the father of the plaintiff, having custody and control of the plaintiff, turned the plaintiff over to Carl Aschan and his former wife, who were then about to remove to America; that the Aschans were childless; that they took the child and brought him to America; that he lived with them as a member of their family until after the death of Mrs. Aschan, the former wife, and continued to so live up to the time he became of age; that they became greatly attached to

him; that he was always treated as a son; that he took their name; that they introduced him to their friends and neighbors as their son, sometimes as their adopted son, and frequently spoke of their intention to leave their property to him when they should die; but that he was never, in fact, adopted. And the court found, as a matter of law, that he was not entitled to inherit anything from the estate of Carl Aschan; that he was neither a child by birth nor adoption. Plaintiff has not appealed, and we have no concern about this finding of the court. Defendants, having appealed, urge that they were entitled to judgment against the plaintiff for the amount received by him from the estate of Carl Aschan. Upon this question, the record shows that on or about the 21st day of April, 1897, Carl Aschan died, leaving surviving him his widow, Johanna Aschan, and the following named children: Ida Mathilda, age one year; Vada Wilhelmina, age three years; Carl William, age five years; Esther Corinne, age seven years; and John Edwin, age eight years.

On the 11th day of May, 1897, the plaintiff in this case was appointed administrator of the estate of Carl Aschan, and duly qualified and gave bond. On the 27th day of May, 1898, he filed his final report, as such administrator, and was duly discharged.

Johanna Aschan was appointed guardian of the minor children of Carl Aschan and procured an order from the court for the sale of certain real estate of the said Carl Aschan, which resulted in her receiving from said sale the sum of $7,758.50. That amount she held in her possession as the proceeds of such sale. Thereafter, and on the 15th day of March, 1909, the plaintiff herein filed the following application in the matter of the guardianship of the heirs of Carl Aschan, deceased, which was duly verified:

Comes now your petitioner, G. L. Aschan, and states: That the heirs of Carl Aschan, deceased, are as follows: Johanna Aschan, wife of deceased, Ida Matilda Aschan, Esther Corinne Aschan, Carl William Aschan, Vada Wilhelmina

Aschan, John Edwin Aschan, and your petitioner, G. L. Aschan, children of deceased. That in accordance with an order of court granted March 24, 1908, Johanna Aschan, guardian of the minor heirs of Carl Aschan, deceased, has sold a certain portion of the estate of deceased for the net sum of $7,758.50. That $858.50 of said sum is in cash and the remaining $7,000 in secured notes payable on the following terms, to wit: $1,000 payable March 1, 1910; $200 payable March 1, 1912; $600 payable March 1, 1913; $600 payable March 1, 1914; $600 payable March 1, 1915; $4,000 payable March 1, 1915. That your petitioner's share of the proceeds of said sale is one-sixth of two-thirds of $7,758.50, or $862.05. That he has attained his majority and is entitled to receive his share of the proceeds at once. That, in order to effect the division necessary to enable the said Johanna Aschan to transfer and pay over to your petitioner his share, your petitioner is willing to receive in payment thereof the note for $200, payable March 1, 1912, and the note for $600 payable March 1, 1913, and the balance of $62.05 cash. Wherefore your petitioner prays the court that Johanna Aschan, guardian of the minor heirs of said estate, be authorized and empowered to transfer over to your petitioner, G. L. Aschan, the sum of $862.05, payable according to the terms above set out.

Thereupon the court made the following order:

The court, having read the foregoing application and being fully advised in the premises, hereby authorizes the said Johanna Aschan to transfer and pay over to G. L. Aschan, in the manner and terms set out in the foregoing application, the sum of $862.05 as his share of the proceeds of said sale.

Thereafter the judge of said court, on the 1st day of May, 1909, on his own motion and without notice to the plaintiff, and, as we understand it, in vacation, because, as he says in his testimony, he felt that he had been misled at the time the first order was made, and that there had been in fact a concealment from the court in reference to G. L. Aschan's relationship to Carl Aschan, entering the following order:

Now on this 1st day of May, 1909, the matters in connection with said estate being presented to the court for consid-

eration, and it appearing to the court that on the 27th day of March, 1909, there was presented an application for an order authorizing the guardian to apportion proceeds of funds then in her hands to one G. L. Aschan, as a child of the deceased, having attained his majority, and that thereon an order was made approving the transfer of two notes in the sum of $800 and the payment of $62.05 cash to the said G. L. Aschan, as the child, from the proceeds of the estate. It now appearing to the court that the said G. L. Aschan was not a child of deceased, Carl Aschan, or at least that the relationship of the said G. L. Aschan to the said Carl Aschan being seriously in doubt, and no showing having been made that the said G. L. Aschan is entitled to any part of the estate of Carl Aschan, the order made and entered by the court upon said application and the approval thereof is now hereby rescinded and canceled, and the action of the said Johanna Aschan, guardian, in the settlement and transfer and payment of notes and money to the said G. L. Aschan is disapproved.

It appears that all the information that Judge Nichols obtained upon which he based this last order was from conversations had with the guardian of these minor defendants and the attorneys interested in the controversy. It also appears that the guardian had complied with the first order and had delivered to the plaintiff the notes and money, as therein ordered, and this before the second order was made. It also appears that the guardian of these minors had knowledge of the application made by the plaintiff for distribution at the time it was made, and the application was verified by her attorney, although at the same time, he acted for the plaintiff in this matter.

We would gather from the whole record that the plaintiff honestly believed that he was entitled to share in the estate of Carl Aschan at the time he made the application, and we would infer, from the fact that the guardian did not protest against it, that she also believed or, if she did not believe, consented to his sharing at that time in the estate of Carl Aschan, as heir or otherwise. There was no actual or intentional fraud perpetrated on the court. It is apparent that

both parties, at the time this first order was made and at the time it was complied with by the guardian, believed that the plaintiff was entitled to what he received.

The defendant's counterclaim against the plaintiff is based upon the theory that the first order of distribution, in which plaintiff received the $862.05, was wrongfully entered, and that fraud was practiced upon the court in entering it, and that therefore the second order, made by the judge on his own motion, supersedes the first order, and defendants are now entitled to recover that amount from the plaintiff.

The court from which this appeal is taken made the following finding of fact touching this matter:

The guardian reported the sale of the property to the court, and the court approved the sale without any order made as to what should be done with the funds, or as to what interest, if any, defendants had therein; that the petition of the plaintiff for distribution, in which he asked to be recognized as one of the heirs, was presented by the attorney of record who appeared for the guardian in the original case in which the sale of the land was made; that on the same day Johanna Aschan, as guardian of these minors, filed her application with the court in the same case, asking that she be allowed the sum of $200 for the support of the minors; that both these applications were made at the same time, both applications were presented by the same attorney, and the orders entered on the same date; that, on the 1st day of May following, the judge, who made the order, filed a revocation of the same, but, before this revocation was made, the order, as it appears, had been complied with by the guardian, and the money paid under it.

This controversy turns upon the force and effect to be given to the first order made by the court directing the guardian to pay to the plaintiff the $862.05 which the guardian now seeks to recover back.

If the court had jurisdiction of the subject-matter and

of the parties at the time the order was made, it became a final and binding order upon all parties affected by it, over whom the court had jurisdiction, and any attempt by the judge in vacation to set aside and nullify the order made by the court would be void and of no effect.

1. JUDGMENTS: when conclusive.

It is not true, as counsel contends, that, in the making of these orders for the distribution of funds in the hands of the guardian, it is necessary that notice of an application for the order of distribution shall be served upon the minors, or that they shall be required to be represented by a guardian ad litem. Their duly appointed guardian represents them for all purposes connected with the settlement of the estate, except where the action of the guardian is adverse in its nature to their interest, such as in the sale of real estate belonging to the minors. See *Brewer v. Stoddard*, 49 Iowa, 279.

2. GUARDIANSHIP: distribution of funds: notice to minors: guardian *ad litem*.

The guardian of these minors, who is now seeking to recover this money back from the plaintiff, had full knowledge, as it appears from the record, of the relationship of the plaintiff to the estate and the grounds upon which he predicated his right to participate in the estate. She was in no way circumvented or prevented by the plaintiff from asserting in that proceeding what she now claims to be a fact. Nor was there any fraud practiced on her which prevented her from making known to the court the facts which she now urges and says defeats the plaintiff's right to participate in the estate. With full knowledge of all the facts which she now asserts, she complied with the order of the court and paid to the plaintiff this money. The order directing the guardian to pay the plaintiff this money was a final order, properly entered of record by the court, and so binding upon all parties, unless appealed from or set aside by some direct proceeding, and the trial court acted without authority in law in setting aside this

3. ESTATES OF DECEDENTS: order of distribution: fraud: evidence.

order on his own motion, without notice to the plaintiff, and in vacation.

The fraud which will authorize the setting aside of a decree or judgment must be such as prevents the unsuccessful party from having a trial. As said in *United States v. Throckmorton*, 98 U. S. 65 (25 L. Ed. 93):

Where the unsuccessful party has been prevented from exhibiting fully his case by fraud or deception practiced on him by his opponent, as by keeping him away from court, a false promise of a compromise, or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff, or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat, or where the attorney regularly employed corruptly sells out his client's interest to the other side, these and similar cases, which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree and open the case for a new and fair hearing (citing many cases). In all these cases, and many others which have been examined, relief has been granted on the ground that, by some fraud practiced directly upon the party seeking relief against the judgment or decree, that party has been prevented from presenting all of his case to the court.

In *Pico v. Cohn*, 91 Cal. 129 (25 Pac. 970, 13 L. R. A. 336, 25 Am. St. Rep. 159), the court said:

That a former judgment or decree may be set aside and annulled for some fraud there can be no question; but it must be a fraud extrinsic and collateral to the questions examined and determined in the action. And we think it is settled beyond controversy that a decree will not be vacated merely because it was obtained by forged documents or perjured testimony. The reason of the rule is that there must be an end of litigation; and when persons have once submitted a matter, or have had the opportunity of submitting it, for investigation and determination, . . . it must be regarded as final and conclusive, unless it can be shown that the jurisdiction of the court has been imposed upon, or that

the prevailing party, by some extrinsic or collateral fraud, has prevented a fair submission of the controversy.

In *Graves v. Graves,* 132 Iowa, 205, it is said:

While there are suggestions in argument in some particular cases which seem to indicate that false swearing may be a ground for vacating a judgment (*Heathcote v. Haskins,* 74 Iowa, 566; *Brown v. Byam,* 59 Iowa, 52), yet in neither case was the question squarely decided. In all other cases, where new trials were granted, there was some active fraud, omission, or concealment, some extrinsic or collateral acts, not involving the merits of the case. In *Tucker v. Stewart,* 121 Iowa, 714, we said that the rule announced by the Supreme Court of the United States, in *United States v. Throckmorton,* is that uniformly followed in this state. This settles the matter for this jurisdiction, and we need only restate the doctrine, which is that false swearing or perjury alone is not ground for setting aside or vacating a judgment. But if accompanied by any fraud, extrinsic or collateral, to the matter involved in the original case, sufficient to justify the conclusion that but for such fraud the result would have been different, a new trial may be granted.

See, also, *Kwentsky v. Sirovy,* 142 Iowa, 385, in which the matter now under consideration was fully discussed.

But it is contended that this order was not a judgment or decree such as is contemplated in the foregoing decisions, and reliance is had upon *Latham v. Myers,*

4. SAME: judgments: when conclusive.

57 Iowa, 519; *McGee v. Allison,* 94 Iowa, 527; *Corbin v. McAllister,* 144 Iowa, 71.

It is true, in a technical sense, the order made was not a judgment, but it was a final order, establishing rights and directing the party against whom it was made to perform as therein directed. Though not a judgment, it is an adjudication by a court having authority and jurisdiction to determine and decide the matter, and it appears that the order has been fully performed by the party against whom it was directed. Though not a judgment, it has the same force and effect, so far as it adjudicates the matters before the court,

and is final and conclusive unless appealed from or set aside by some direct proceeding. It establishes and settles the rights of the parties, in respect to the matter therein determined, and the same rule governs the parties in respect thereto as in any other decree or adjudication when attacked for fraud.

In this case, however, there was no fraud practiced by the plaintiff. He believed, and from the record we are justified in saying he had reason to believe, that he was entitled to what he asked for. Up to that time the guardian, who is now complaining, was of the opinion, and acted upon the theory, that he was entitled to participate in the estate. She cannot urge now her own negligence or carelessness to avoid the effect of the order so made by the court.

Since the appeal in this case was taken, the defendants have filed a motion in the probate court to set aside the first order made by Judge Nichols, and for this reason the plaintiff has moved to dismiss the appeal in this case. We think there is no merit in this motion, and the same is overruled.

We find no reason, in fact or in law, for disturbing the decree of the court herein entered, and the same is therefore— *Affirmed.*

LADD, C. J., and DEEMER and WITHROW, JJ., concur.