ELLEN WEIDMAN, Appellant, v. ALICE MONEY et al., Appellees.

APRIL 3, 1928.

*Paul V. Wilson,* for appellant.

*Paul W. Richards* and *Clifford Powell,* for appellees.

EVANS, J.—The plaintiff is the widow of Thomas Weidman, deceased. She and the decedent were married in 1911. At the time of the marriage, Weidman was a widower, and had 11 children. He was 72 years of age. The plaintiff was 52 years of age. She had not been previously married. Prior to the marriage, an antenuptial contract in due form had been entered into between them, and the same was duly recorded. This contract provided for an annuity for the plaintiff during her life,— the same to be in lieu of all other interest in the estate of the decedent.

Avoidance of the contract pleaded in plaintiff's reply was to the effect that it was unreasonable and unfair, and that the decedent had not himself performed the same, in that he died intestate, and failed to execute a will bequeathing to the plaintiff the annuity as provided for by the antenuptial contract. The decedent died early in the year 1921, and his estate was duly administered. He left a personal estate of approximately $40,000. The administrator recognized the obligations of the antenuptial contract, and paid to the plaintiff the annuity therein provided, as it accrued. In September, 1922, the administrator filed his final report, and proposed distribution of the estate. This included a showing of the antenuptial contract and the obligations thereunder. Due personal service of such final report and of the administrator's application for a discharge was accepted by all the beneficiaries of the estate, including the plaintiff herein. On October 30, 1922, such final report was approved, and the administrator was discharged. A trustee was appointed to hold sufficient of the funds of the estate to provide for the annuity to the plaintiff. The trustee appointed was Peterson, the former administrator. He has functioned as a trustee since the date of his appointment, and has in his hands abundant funds for the protection of the annuity obligation to the plaintiff. The plaintiff accepted from him successive annuity payments as they accrued, up to and including March, 1924. In April, 1924, this suit was brought, and no annuities have been accepted since the bringing of this suit. One defense pleaded is the adjudication of

the settlement of the estate and the discharge of the administrator.

The plaintiff, in her proceedings below and in her presentation here, has quite ignored the importance of such adjudication. She has presented the case here as though the adjudication were no obstacle to such presentation. She has presented her case upon its purported original merits, without regard to the order of distribution made in the adjudication. She has not assailed the adjudication in any manner, nor sought to set the same aside on any ground. If she were to prevail in this proceeding, she would have two adjudications in her favor, as against the beneficiaries of her husband's estate. Under the first adjudication, she is entitled to an annuity for life. If her present petition were granted herein, she would recover an additional sum equal to one third of her husband's estate. We deem it clear that the first adjudication is a bar, not only against the other beneficiaries of the estate, but against the plaintiff, also.

It is well settled in this state that a final order in probate, entered on due notice to the beneficiaries, is a final adjudication. We so held in *Ryan v. Hutchinson*, 161 Iowa 575; and in *Aschan v. McDermott*, 164 Iowa 750. See, also, *Tucker v. Stewart*, 121 Iowa 714, 716; *Graves v. Graves*, 132 Iowa 199; *Bradbury v. Wells*, 138 Iowa 673.

Such adjudication being conclusive as a bar to this action, we have no occasion to consider what otherwise were the merits of plaintiff's present claim.

The judgment below is, accordingly,—*Affirmed.*

All the justices concur.