SHERWOOD HIVELEY et al., appellants, v. JAMES I. DOLLIVER, special administrator of estate of LOU E. HIVELEY, et al., appellees.

No. 48103.

(Reported in 58 N.W.2d 32)

1014

McCarville & Bennett, of Fort Dodge, for appellants.

Rider & Bastian, of Fort Dodge, and William S. Johnston, of Estherville, for appellees.

Larson, J.—This action is in nature of a partition proceedings in which plaintiffs seek to establish their rights in and to the real estate described and to require a sale thereof so as to distribute the proceeds among the parties in accordance with their respective interests and further to require an accounting for rents, etc., for the period since their ownership accrued. The defendants deny that the plaintiffs have any right or interest in and to the real estate in question or to the rents or income therefrom.

We shall first relate the stipulated matter.

A. W. Hiveley died testate on January 23, 1934. He resided on the real estate involved in this action to wit: "The Northwest Quarter (NW¼) of Section Twelve (12), Township Eighty-eight (88) North, Range Twenty-eight (28), West of the 5th P. M. Webster County, Iowa, except railroad right of way."

He left surviving him a spouse, Lou E. (Luella) Hiveley, and six adult sons, William L. (W. L.) Hiveley, Samuel T. (S. T.) Hiveley, Joe (J. D.) Hiveley, Wesley (C. W.) Hiveley, Lloyd (L. E.) Hiveley and Paul Hiveley. A single son, C. A. Hiveley, preceded him in death by approximately one year. Joe (J. D.) was the father of plaintiffs in this action and had deserted his family on or about September 15, 1932, and his whereabouts since have been unknown to any parties to this action.

The will of A. W. Hiveley provided as follows, with reference to the share of J. D. Hiveley: "Excepting that the share of J. D. Hiveley is to be devised and bequeathed to his children now living, five in number. . . . It being my will and intention to devise and bequeath the share of this estate which should go to J. D. Hiveley to his children, five in number, same being my grandchildren."

The widow elected to take her distributive share. On July 2, 1934, an application for interpretation of the will was filed and resisted by the executors. Service of notice upon the application was accepted for the plaintiffs, the minors, by their guardian. The question submitted to the court material to this action was whether or not the indebtedness of J. D. Hiveley, the father of the five children, could be deducted from the share which was given them under the will. The court found that it could "to the same extent that such indebtedness would have been deducted from the share of J. D. Hiveley himself, but for the substitution of his children in his place and stead", but the court also held "but nothing herein found or stated shall be deemed an adjudication of the amount, if any at all, so deductible."

The final report of the executors of said estate was filed March 6, 1935. The notice was posted as to J. D. Hiveley by order of court but no service of notice was made upon the plaintiffs, then minors, nor did anyone purport to accept service for them.

After the death of A. W. Hiveley, his widow, Lou E. Hiveley, proceeded to acquire the shares of all the surviving sons, and take deeds from them for their interest in the real estate.

On April 2, 1934, Anna Hiveley, the mother of plaintiffs, filed an application asking the appointment of E. E. Cavanaugh as guardian of the minors' property, which included the $\frac{2}{21}$ interest in the real estate, and he was appointed and qualified. On February 19, 1935, this guardian filed an application to sell the interests of the minors in the real estate, stating in part:

"That under and by the provisions of the will of the said A. W. Hiveley, which has been contested before this court and interpreted thereby, the debts of J. D. Hiveley, owing to the

estate, are first to be paid from his respective share. That the debts and obligations owing by J. D. Hiveley to the estate are equal to or far in excess of the amount of his respective share in the real estate owned by the deceased. * .* *

"Your guardian states that the above named minors have no real equity in said real estate, that it is not in conflict with the will of A. W. Hiveley, and that the sale of the interest, which the minors have in said property, will be for their benefit and used for their support and education; and that the present form of interest is of no value and nonproductive and will not, in any way, be beneficial to these minors; that your guardian believes that it is for the best interest of the minors that said sale be made and that he be authorized and directed to issue deed therefor.

"That the minors of J. D. Hiveley have an undivided $\frac{2}{21}$ interest in said real estate under the provisions of the will of A. W. Hiveley, deceased, subject to his indebtedness which, at present, is equal to or greater than his equity therein."

An order of court was entered on February 22, 1935, providing that notice of hearing, in the form attached to the order, should be served upon the minors at least four days prior to the date of hearing, set on February 28, 1935. The return of service stated in substance that same was served on minors, plaintiffs herein, by "reading the within notice to Mrs. Anna Hiveley, mother of said minors, in the presence of all the above minors, and with whom they now reside in Fort Dodge, Webster County, Iowa, and by delivering a copy hereof to her and for each a true copy thereof."

On February 28, 1935, a guardian ad litem was appointed and filed answer the same date. The guardian filed bond in the sum of $500, and also on the same date filed a report of sale, stating that Luella (Lou E.) Hiveley had offered the sum of $150 for the $\frac{2}{21}$ interest of the minors, and asking that the court approve this sale and authorize the clerk to endorse the approval of the court upon the deed. On the same date the order of court was filed approving the sale and the deed and directing the endorsement thereon, but no order appears ordering the sale and no appraisal was made of the wards' interest in the

real estate. However, the deed was executed and filed for record in the Land Deed Record of the county. Lou E. Hiveley is now deceased, and Paul Hiveley, under authority of the special administrator, is now in possession of said real estate. Plaintiffs had all reached their majority more than a year prior to the commencement of this action. The defendants are the children of Lou E. or Luella Hiveley, now deceased, and claim title through her.

Plaintiffs' contention herein is that the guardian's deed to the $2/21$ interest in and to the real estate involved is void. As reasons for their contention they claim, first, that there was a failure of consideration; second, that the proceedings in the guardianship were fatally defective; and third, that there was fraud and mistake sufficient to void the deed and toll the statute of limitations. The defense claimed that there was no failure of consideration; that omissions occurring in proceedings in the estate of the grandfather and in the guardianship were mere irregularities; that plaintiffs could not maintain a collateral attack on these proceedings in this action; and that their remedy, if any, was now barred by the statute of limitations. Further, defendants deny any fraud or mistake.

I. The omissions relating to the proceedings in the estate of A. W. Hiveley referred to by plaintiffs were, first, that they received no notice of the proceedings to construe the will of A. W. Hiveley, deceased. It is true that notice of these proceedings to construe was not served upon these plaintiffs as by law provided, but there was an acceptance of notice by the guardian of the minors, and the firm of Breen & Breen, attorneys, appeared for the guardian and the minor children of J. D. Hiveley and filed written briefs in the action to construe the will. The decree of court holding that the indebtedness of their father should be deducted from the minors' one-seventh share of the estate under the will was entered on December 14, 1934. Defendants claim any rights of action by plaintiffs to question this decree are now barred by the statute of limitations contained in section 587.5, Code, 1950. The trial court so held and we agree. It is the plain intention of the statute. Code section 587.5, Code, 1950, provides:

"No judgment or decree purporting * * * to place any construction upon any will or any of the terms thereof, shall be held ineffectual, void, or insufficient because the records fail to show proper service of notice on all parties interested, that persons under disability affected by the action were not properly served with notice or represented by guardian or guardian ad litem * * * or that any other provisions of law had been complied with which are necessary to make a valid decree [or] judgment * * *; provided more than ten years had elapsed since the judgment * * * was filed, entered, or placed on record in the county where the real estate affected thereby is situated. Said decree * * * shall be conclusive evidence of the right, title, or interest it purports to establish or adjudicate insofar as it affects the title to such real estate * * *."

Plaintiffs rely upon section 614.8, Code, 1950, to toll the statute of limitations which provides: "The times limited for actions herein, except those brought for penalties and forfeitures, shall be extended in favor of minors and insane persons, so that they shall have one year from and after the termination of such disability within which to commence said action."

It is clear that the decree complained of involves the title to real estate, and that insofar as this complaint is concerned the defendants' defense of the statute is good and must be upheld. The matter of fraud or mistake we will discuss in a separate division. We should also note here that section 614.8, Code, 1950, tolls the statute of limitations as to minors for one year after the disability is removed, but find it is not applicable in this case as the record shows that the youngest of plaintiffs reached her majority over one year prior to the commencement of this action.

The failure to serve notice on the plaintiffs of the closing of the A. W. Hiveley estate April 5, 1935, is also cured by the provisions of section 638.11 which provides that any person interested in the affected estate could, within three months, appear and request the reopening of the same, provided no notice was given to him of the closing. In Patterson v. Bell, 25 Iowa 149, we held that unless such petition is filed in the time allowed, or unless there is fraud, mistake or other grounds of equitable

relief shown, the closing of the estate cannot be set aside. We must conclude therefore that it was just and proper to consider the debt of plaintiffs' father to the estate of A. W. Hiveley, and when so considered in adjusting the balance, if any, that was due the plaintiffs, there was no failure of consideration due to this adjustment.

■ II. Plaintiffs insist that the proceedings to sell their interest in the real estate of their deceased grandfather, A. W. Hiveley, were fatally defective and that the guardian's deed issued to Lou E. Hiveley, their grandmother, was void. Two omissions appear in the proceedings, the first omission being that no appraisement of the minors' interest in the real estate being sold appears in the record; and second, no order for the sale of the land appears although the order approving the sale and deed on February 28, 1935, was procured. On the question of the effect of an omission of appraisement, we held in Kile v. Hogan, 180 Iowa 1263, 1266, 164 N.W. 226, 227, that it was an irregularity only. We said: "The court having jurisdiction to authorize the sale of said real property, the omission of the appraisement was an irregularity only, and in no way affected the jurisdiction of the court to order the sale of real estate." (Citing Bunce v. Bunce, 59 Iowa 533, 13 N.W. 705, Hamiel v. Donnelly, 75 Iowa 93, 39 N.W. 210, Dohms v. Mann, 76 Iowa 723, 39 N.W. 823, and Bacon v. Chase, 83 Iowa 521, 50 N.W. 23.) We note that from the application itself the court could conclude that the expense of an appraisement would be needless. This omission does not affect the court's jurisdiction. It is a mere irregularity and does not void the deed.

We also briefly note the failure to obtain the order authorizing the sale as distinguished from the order approving the sale and deed. In this case the date of hearing on the application was set for February 28, 1935, at ten a. m. On the same date the answer of the guardian ad litem for the minors was filed and though the record shows no hearing on the application to sell, on the same date the guardian filed his report of sale in due form, together with bond, and obtained a court order approving the sale and authorizing the delivery of the deed duly authorized to Luella Hiveley. There is no doubt in our

minds that in truth and in fact the court had approved the application to sell. In State v. Frey, 206 Iowa 981, 984, 221 N.W. 445, 447, we said: "The courts have inherent power to make orders nunc pro tunc, and to modify their records so as to make them speak the truth." (Citing Hofacre v. City of Monticello, 128 Iowa 239, 103 N.W. 488, Puckett v. Guenther, 142 Iowa 35, 120 N.W. 123, 134 Am. St. Rep. 402, and other cases.) See also Yost v. Gadd, 227 Iowa 621, 288 N.W. 667.

Both of these omissions are therefore mere irregularities and do not disturb the jurisdiction of the court in approving the sale of the interest of these minors, now the plaintiffs, in and to the real estate involved herein.

██ When the application to sell was filed the court acquired jurisdiction of the subject matter. It had jurisdiction of the persons in the guardianship. Once acquiring jurisdiction in such matter, even if the court should err in pronouncing the petition sufficient, or commit any other irregularity, it would not thereby lose its jurisdiction. Those errors are corrected by direct proceedings, in appeals. No such appeals were taken in the case before us. Long v. Burnett, 13 Iowa 28, 81 Am. Dec. 420. We also held in Weidman v. Money, 205 Iowa 1062, 219 N.W. 39, that a final order such as the approval of a guardian's deed, entered on due notice to the beneficiary, is a final adjudication, when jurisdiction has been established. We must conclude and hold that the guardian's deed to Luella (Lou E.) Hiveley is valid.

██ III. Plaintiffs contend that even if the omissions in the guardianship proceedings are not jurisdictional the irregularities now apparent are such as to make the sale void. They point to the failure to adjudicate the exact amount or value of plaintiffs' share in their grandfather's estate, or to adjudicate the amount of the debt their father owed the estate. In other words, they claim a failure of consideration, no appraisement, no order approving the application of sale, and no adjudicated setoff or retainer were such irregularities as to make the sale itself void. Such an attack in a proceeding of this kind amounts to a collateral attack and cannot now be maintained, unless fraud is alleged and proven.

The general rule regarding such attacks is stated in 39 C. J. S., Guardian and Ward, section 110, page 191, as follows: "In general, proceedings to obtain an order of sale must be in strict compliance with the requirements of the statute under which the application is made; but, where the court has jurisdiction, a sale is not. void by reason of mere irregularities." Also see 39 C. J. S., Guardian and Ward, section 133, page 216, and section 138, page 227.

Our conclusion here is that since the matters complained of by the plaintiffs do not go to the jurisdiction of the court they must be classified as a collateral attack on those proceedings in the present partition action. The plaintiffs cannot here maintain such an attack. Holliday v. Arthur, 241 Iowa 1193, 44 N.W.2d 717, 24 A. L. R.2d 1302; Hamiel v. Donnelly, Bunce v. Bunce, and Bacon v. Chase, all supra.

In Long v. Burnett, supra, at page 35 of 13 Iowa, page 424 of 81 Am. Dec., we said: "And if in exercising its power the court should err in pronouncing the petition sufficient, when it was insufficient, or committed any other irregularity, it did not thereby lose again its jurisdiction, but that all such errors are to be corrected in a direct proceeding by appeal, and cannot be taken advantage of collaterally."

It may be well for us to refer here to defendants' contention that plaintiffs are barred from attacking this sale by the provisions of section 668.23, Code, 1950, dealing with guardians of minors, and which provides: "No person can question the validity of any such sale after the lapse of five years from the time it was made." This statute is a good defense against a direct attack, and no less effective in this action.

Clearly then, unless the deed was void, plaintiffs can now raise no question as to the validity of the guardian's sale. More than five years have passed, and, in fact, more than ten years had passed between the sale and delivery of the deed and the commencement of this action. Also more than one year has passed since the youngest of the plaintiffs, Bonnie Hiveley Simpson, reached her majority by marriage April 2, 1949, so that the provisions of section 614.8, Code, 1950, extending the time of the statute of limitations will not help the plaintiffs. Campbell v. Long, 20 Iowa 382; Burch v. Nicholson, 157 Iowa

502, 137 N.W. 1066; Singleton v. National Land Co., 183 Iowa 1108, 167 N.W. 97; Washburn v. Carmichael, 32 Iowa 475.

IV. We have carefully examined the record and agree with the trial court that from the evidence submitted the share of the plaintiffs in the A. W. Hiveley estate did not exceed the amount of the debt owed by their father, J. D. Hiveley. We shall not attempt to review the evidence as to property values, but are content with the opinion of the trial court who heard and observed the witnesses, that the value of the land did not exceed $100 per acre at any time between the death of A. W. Hiveley and the sale on February 28, 1935. We also find no fault with the statements of either Mr. Dolliver, the attorney for the spouse, or the guardian, E. E. Cavanaugh, that if the debt of J. D. Hiveley was taken from the minors' interest little or nothing would remain.

There is no merit to the contention that there could be no valid settlement of the account involving the interests of the minors in the assets of the A. W. Hiveley estate and the debt due the estate from their father, J. D. Hiveley, without an adjudication in the estate by way of retainer or setoff. This being an equity action, it is sufficient if that was done which in right and justice should have been done. We feel the same result was secured outside the estate as would have resulted from an adjudication in the estate, giving due consideration to the court decree interpreting the will of A. W. Hiveley to provide a deduction of the father's debt from the minors' share. Unless fraud is shown such settlement of the interest must stand.

V. Plaintiffs now strongly urge that from the whole record there is adequate evidence of fraud, deceit, collusion, and mistake sufficient to avoid the sale and deed to the $\frac{2}{21}$ interest in the real estate of Luella (Lou E.) Hiveley. The trial court found that "the claim of fraud or mistake is untenable." We agree.

Section 614.4, Code, 1950, provides: "In actions for relief on the ground of fraud or mistake * * * the cause of action shall not be deemed to have accrued until the fraud, mistake, or trespass complained of shall have been discovered by the party aggrieved." This will help plaintiffs avoid the statute of limita-

tions previously set out only in case they have proven fraud or mistake originally.

As evidence of fraud or mistake, plaintiffs rely on the fact that the amount owed the Hiveley estate by their father was not adjudicated, but merely computed by the Honorable James I. Dolliver from notes given A. W. Hiveley by their father. The Dolliver computation related to the assets, debts and distributive share of each beneficiary in the estate. It is true Mr. Dolliver was attorney for the widow, Lou E. Hiveley, who purchased the real estate. However, we have closely examined the testimony and Exhibit 1 relating to his computation and find no error therein. The executors, one of whom was the guardian herein, Mr. Cavanaugh, in their final report in the estate of A. W. Hiveley, deceased, set forth the statement that the indebtedness of the heirs was being adjusted among themselves. This adjustment was apparently on the basis of Dolliver's computation. At the time of the closing of the estate Lou E. Hiveley had acquired quitclaim deeds to the real estate from the others based upon those same computations and values, and this was done to the satisfaction of all adult beneficiaries at the time. There was no evidence offered to dispute the amount of the debt owed the estate by J. D. Hiveley and no objections made to that sum by the guardian or the plaintiffs' mother. In view of the court's interpretation of the will to provide a setoff we cannot understand plaintiffs' position now in objecting to its consideration in the settlement. Any claim of a conspiracy between the grandmother, her lawyer, the guardian and executor to defraud the court and the minors is clearly without foundation. No part of these transactions was withheld from the court, but they clearly appear to have been done in good faith. True, the settlement of accounts outside the estate may have been irregular and given rise to just such disputes as we have here, but they do not give rise to a presumption of fraud. The debt of J. D. Hiveley was computed from notes given his father and showed the amount to be $1631.76. The value of the farm land was listed in the computations by Dolliver as $14,400, and plus other assets, including J. D. Hiveley's debt, amounted to $21,566.79. Costs in the estate were $3025, including widow's award; the one-

third share to the widow was $6169.73, leaving $12,339.86 to be divided in seven parts, or $1762.84 each. It is easy to see that the difference between the amount due the minors and the debt was only $131.08. For this equity the grandmother, Lou E. Hiveley, offered and paid $150. It was the least difficult way to clear her title to the real estate. We fail to find any convincing evidence of fraud or mistake by anyone connected with the transaction sufficient to avoid the deed issued and delivered to Lou E. Hiveley. True, the value of land today is much higher than in 1935 but we are not convinced that the value placed thereon of $93.25 per acre was not a fair or honest appraisal at that time. Testimony offered as to the value varied from $50 per acre to $120 per acre, but we are content with that fixed by Dolliver and accepted by the trial court as most nearly correct. The truth as to amount and values as well as to conditions is hard to establish because of the lapse of time. Certainly plaintiffs cannot hope to obtain an advantage because these facts are now somewhat obscure; obscure due to their delay in bringing this action. To prove actionable fraud, there must be concealment, collusion or gross inadequacy of consideration; evidence submitted must give rise to much more than mere suspicion. Plaintiffs have failed in their burden to offer convincing proof that any of the parties concerned made any false representations, knowingly or unknowingly, with any intent to deceive the court or act in any manner detrimental to the minors' interest or that the consideration was grossly inadequate. Having failed to so prove, their action must fail. In Aschan v. McDermott, 164 Iowa 750, 145 N.W. 524, we held that where there was no actual or intentional fraud perpetrated on the court the decree or order of court is not invalid.

The judgment of the trial court should be and hereby is affirmed.—Affirmed.

All JUSTICES concur except MULRONEY, J., who takes no part.